### Joseph H. Strong v. Lu J. Smith.

1. PROMISES—*Made by an Attorney—Sufficiency of Proof.*—Where a suit pending between two parties was dismissed and the plaintiff subsequently brought another suit upon a promise which she alleged was made to her by the attorney of the defendant in consideration of the dismissal of the suit, although the evidence failed to show any express authority from the defendant to his attorney to make the promise, but it was shown that he and his attorney had a conversation about what he was willing to do in case such suit was dismissed, and the evidence showed plainly that the suit was dismissed under the belief that the defendant was to perform the promise made by his attorney, as there were no instructions given to the jury, they were left at liberty to draw the inference that the attorney had express authority to make the promise.

Assumpsit.—Appeal from the Superior Court of Cook County; the Hon. MARCUS KAVANAGH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1900. Affirmed. Opinion filed November 26, 1901.

Statement.—This was a suit in assumpsit brought in the Superior Court of Cook County by Lu J. Smith, plaintiff, against Joseph H. Strong, defendant. The usual common counts were filed as a declaration, including one special count. In the special count it was declared that there had been some differences arising between the plaintiff and defendant in regard to the purchase of a certain piece of real estate, and that a compromise had been effected wherein and whereby it was agreed that the defendant should pay the plaintiff in settlement the sum of five hun-

dred dollars. Upon the trial of the case the whole case was presented upon the special count, namely, that an agreement had been entered into for a full settlement by which the defendant agreed to pay plaintiff the sum of five hundred dollars.

H. C. Bennett, attorney for appellant; Crews & Crews, of counsel.

Clark Varnum, attorney for appellee.

Mr. Justice Shepard delivered the opinion of the court.

The facts shown in evidence were that the appellee agreed with the appellant to furnish part of the purchase price of certain lots of land, she to have a one-half interest therein, and her daughter, the wife of appellant, to have the other half.

After furnishing about five or six hundred of the amount she commenced suit against the appellant to recover it back. While her suit in that behalf was pending, negotiations between herself and appellant's attorney for a settlement were had, which resulted in the alleged agreement of appellant to pay her the money now sued for, and the dismissal of her said suit.

The promise to pay her this money, if any promise was made, was made by the attorney of the appellant in that suit, and it was after the alleged promise was made that appellee dismissed her suit.

Although it may be conceded that the evidence fails to show any express authority from appellant to his attorney to compromise or settle the suit with appellee, the appellant was in court at the time of the trial and testified in the case as to other matters, and it was shown that the attorney and the appellee talked together about what appellant would or might do in case that suit was dismissed.

The evidence plainly showed that appellee dismissed her suit in the belief that she was to receive the money then, as she claims, promised to her, and the inference is quite as plain that she would not have done so except she supposed the attorney had authority to make the promise.

No instructions on either side were offered, and the jury were left at liberty to draw the inference that the attorney did have express authority to make the promise, from the fact that appellant was present at the trial and testified in the case, without in any manner denying the authority of his attorney to make the promise for him. The judgment is right and it will be affirmed.